IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CR-00216-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| QUALO MARTEZ LOWERY (2) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's pro se motion for jail credit. (Doc. No. 307).

It is the responsibility of the Attorney General, through the Bureau of Prisons, to compute jail credit. United States v. Stroud, 584 F. App'x 159, 160 (4th Cir. 2014) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)). Although the defendant seeks credit for pretrial detention under 18 U.S.C. § 3585(b), that statute prohibits awarding credit for time that has been credited against another sentence. Additionally, the Court specifically ordered that his federal sentence would be served consecutively to any state sentence the defendant was then serving. (Doc. No. 195: Judgment at 2). If a defendant is not given the sentencing credit he thinks he deserves, his recourse is first to seek an administrative remedy, 28 C.F.R. § 542.10, and after that to file a petition under 28 U.S.C. § 2241 in the district of confinement.[1] Id.

---

[1] The defendant is currently housed at FCI Bennettsville in the District of South Carolina. https://www.bop.gov/inmateloc/

**IT IS, THEREFORE, ORDERED** that the defendant's request for jail credit, (Doc. No. 307), is **DENIED**.

Signed: January 31, 2022

Robert J. Conrad, Jr.
United States District Judge